UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DARNELL NORWOOD,

        Plaintiff,

  v.

                              Case No. 25-cv-1584-pp

TAKE-TWO INTERACTIVE SOFTWARE, INC.,
2K SPORTS, and VISUAL CONCEPTS
ENTERTAINMENT,

        Defendants.

**ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2), SCREENING AMENDED COMPLAINT AND ALLOWING PLAINTIFF TO FILE SECOND AMENDED COMPLAINT**

On October 16, 2025, the plaintiff—who is representing himself—filed a complaint, dkt. no. 1, and a request to proceed without prepaying the filing fee, dkt. no. 2. A little over a month later, the plaintiff filed an amended complaint. Dkt. No. 4. The amended complaint alleges that the defendants infringed on the plaintiff's copyright by using in their video game (NBA 2K25) a game mechanic that the plaintiff invented, without the plaintiff's consent. Id. at ¶14.

The court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee but will require the plaintiff to file a second amended complaint.

**I.    Motion to Proceed Without Prepaying the Filing Fee (Dkt. No. 2)**

An indigent federal plaintiff "may commence a civil action without prepaying fees or paying certain expenses." Coleman v. Tollefson, 575 U.S. 532,

1

534 (2015). To qualify to proceed without prepaying the filing fee, a plaintiff must fully disclose his financial condition, and must do so truthfully under penalty of perjury. See 28 U.S.C. §1915(a)(1) (requiring the person seeking to proceed without prepayment to submit "an affidavit that includes a statement of all assets [they] possess[]").

The plaintiff's affidavit states that he is married with four dependents he supports at $400 per month each. Dkt. No. 2 at 1. The plaintiff states that he is employed and earns $4,500 per month. Id. at 1–2. The plaintiff's income is offset by his stated $4,000 of monthly expenses, including $1,600 in rent, $300 in credit card payments and $1,500 in other household expenses. Id. at 2–3. The plaintiff states that he does not own a home, a car or any other property of value, and that he does not have any cash, checking or savings accounts. Id. at 3–4. The plaintiff adds that he contributes to other bills for his children, including daycare and after-school activities. Id. at 4.

The court finds that the plaintiff does not have the ability to prepay the filing fee and will grant his motion for leave to proceed without doing so. The court advises the plaintiff, however, that he still is responsible for paying the filing fee over time. Robbins v. Switzer, 104 F.3d 895, 898 (7th Cir. 1997). When a court grants a motion allowing a plaintiff to proceed without prepaying the filing fee, it means only that the person does not have to pre-pay the full filing fee up front; the plaintiff still owes the filing fee. See Rosas v. Roman Catholic Archdiocese of Chi., 748 F. App'x 64, 65 (7th Cir. 2019) ("Under 28 U.S.C. § 1915(a), a district court may allow a litigant to proceed 'without

*prepayment* of fees,' but not without ever paying fees.") (emphasis in original). The plaintiff must pay the filing fee over time, as he is able.

## II. Screening the Complaint

### A. Legal Standard

The court next must "screen" the complaint to decide whether the plaintiff has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). A document filed by a self-represented litigant must be "liberally construed[.]" Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citation and internal quotation marks omitted). Similarly, a complaint filed by a self-represented litigant, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Id.

Even though courts liberally construe their filings, self-represented litigants still must comply with Federal Rule of Civil Procedure 8(a)(2), which requires a complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To state a claim against the defendants, the complaint must contain allegations that "'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Legal conclusions and

3

conclusory allegations merely reciting the elements of the claim are not entitled to this presumption of truth. Id. at 663–64.

B. The Amended Complaint

The plaintiff alleges that he is the "originator" of a video game mechanic called "The Blowout Feature," which he states is "designed for competitive sports video games to end 'blowout' matches at a preset threshold, improving gameplay experience." Dkt. No. 4 at ¶8. The plaintiff alleges that from 2017 through 2024, he promoted the Blowout Feature publicly through prototype videos and paid promotional campaigns. Id. at ¶9. He alleges that he owns a copyright for the Blowout Feature and that he has filed a provisional patent application for aspects of the feature. Id. at ¶¶10–11. The plaintiff alleges that he communicated with the defendants in 2017 and 2022. Id. at ¶12. The plaintiff alleges that he also "shared prototypes with the gaming community, including influencers followed by Defendants." Id. at ¶13. The plaintiff alleges that in September 2024, the defendants released the game NBA 2K25, which purportedly incorporates a feature "substantially similar" to the Blowout Feature "without permission, license, or compensation." Id. at ¶14.

The plaintiff brings four claims for relief: (1) copyright infringement; (2) "misappropriation of idea/unjust enrichment"; (3) breach of implied-in-fact contract; and (4) unfair competition in violation of the Lanham Act. Id. at ¶¶17–27. The plaintiff states that he is seeking statutory damages of up to $150,000 per act of willful infringement, "actual damages and profits attributable to infringement, estimated at $12,000,000" and punitive damages. Id. at ¶¶28–30.

4

C.  Analysis

To establish copyright infringement, the plaintiff must prove "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 361 (1991). To satisfy the second element, the plaintiff must show that the defendants "actually copied" his work. Design Basics, LLC v. Lexington Homes, Inc., 858 F.3d 1093, 1099 (7th Cir. 2017) (citing Selle v. Gibb, 741 F.2d 896, 901 (7th Cir. 1984)). Because direct evidence of copying rarely is available, the plaintiff may prove actual copying "by showing that the defendant had the opportunity to copy the original (often called 'access') and that the two works are 'substantially similar,' thus permitting an inference that the defendant actually did copy the original." Peters v. West, 692 F.3d 629, 633 (7th Cir. 2012). The plaintiff can satisfy the "access" requirement by showing that the copyrighted work was sent to the defendant or a close associate of the defendant, or that it was "so widely disseminated that the defendant can be presumed to have seen or heard it." Design Basics, 858 F.3d at 1100 (collecting cases). "Once a plaintiff establishes that a defendant could have copied [his] work, [he] must separately prove . . . that the allegedly infringing work is indeed a copy of [his] original," by "pointing to similarities between the two works." Peters, 692 F.3d at 635.

The plaintiff alleges that he owns U.S. Copyright Registration No. PAu 4-150-822 for the Blowout Feature. Dkt. No. 4 at ¶10. The copyright has an effective registration date of August 31, 2022. Id. This is sufficient at this stage

5

of the litigation to allege that the plaintiff owns a valid copyright in the Blowout Feature. Turning to the next element, the plaintiff alleges that he "directly contacted" the defendants in 2017 and 2022, but he does not state whether he provided the defendants with access to the feature. Id. at ¶12. Later, he states that he "disclos[ed] the concept" to the defendants, id. at ¶23, and that he "shared prototypes with the gaming community, including influencers followed by Defendants," id. at ¶13, but again, he does not clearly state whether the defendants would have had access to the prototype feature through these disclosures. The allegations in the amended complaint do not sufficiently plead that the plaintiff gave the defendants direct access to the Blowout Feature. But wide dissemination also can satisfy the access requirement. Construing the allegations liberally, the amended complaint sufficiently pleads that the plaintiff "promoted the concept publicly" throughout the gaming community over several years, giving rise to a presumption that the defendants have seen the feature.

But the amended complaint does not include enough factual allegations to support a finding that the defendants' work is similar to the plaintiff's. To determine whether two works are substantially similar, courts ask "whether the accused work is so similar to the plaintiff's work that an ordinary reasonable person would conclude that the defendant unlawfully appropriated" the plaintiff's "protectable expression." Design Basics, 858 F.3d at 1101. Although the amended complaint provides some limited facts describing the Blowout Feature, it alleges only that the defendants' game "incorporated a

6

substantially similar feature." Dkt. No. 4 at ¶14. The plaintiff does not state what elements of the Blowout Feature the defendants' game allegedly copied; he simply states, without factual support, that the two features are similar. These allegations are too conclusory to state a claim for copyright infringement.

The plaintiff's next claim is titled "misappropriation of idea/unjust enrichment." Under this heading, the plaintiff alleges that his "idea was novel and concrete when disclosed" and that the defendants "used the idea without authorization or compensation." Dkt. No. 4 at ¶¶20–21. The basis for this claim isn't immediately clear. The plaintiff cites a California state court case and a Second Circuit case in support of the claim. Id. at ¶22 (citing Faris v. Enberg, 97 Cal. App. 3d 309 (Cal. Ct. App. 1979); Forest Park Pictures v. Universal Television Network, Inc., 683 F.3d 424 (2d Cir. 2012)). The claims in Faris were for breach of contract (express and implied), breach of confidence and plagiarism. Faris, 97 Ca. App. 3d at 313. Faris does not discuss an independent claim for "misappropriation of idea" or unjust enrichment. Similarly, Forest Park Pictures discusses quasi-contractual remedies under New York and California law. Forest Park Pictures, 683 F.3d at 430–33.

Wisconsin recognizes a general claim for unjust enrichment. To state a claim for unjust enrichment under Wisconsin law, the plaintiff must show: "(1) a benefit conferred upon the defendant by the plaintiff, (2) knowledge or appreciation of the benefit by the defendant, and (3) acceptance and retention by the defendant of such benefit under such circumstances that it would be inequitable for him or her to retain it without paying the value thereof."

7

Krueger Int'l, Inc. v. Fed. Ins. Co., 647 F. Supp. 2d 1024, 1040 (E.D. Wis. 2009) (citing Ludyjan v. Continental Cas. Co., 308 Wis. 2d 398, 405 (Wis. Ct. App. 2008)). The factual allegations in the complaint do not quite track with the elements of this claim. Perhaps the plaintiff is alleging that by giving the defendants access to his idea, he conferred a benefit upon the defendants. But as discussed above, it is not clear from the amended complaint whether the plaintiff actually gave the defendants access to his idea.

Another possible avenue is a misappropriation of trade secrets claim under the Wisconsin Uniform Trade Secrets Act. To state a claim for trade secret misappropriation, "a plaintiff must allege facts to show that (1) the information at issue is a 'trade secret,' and (2) . . . the trade secrets were misappropriated by the defendant." Cmty. Hosp. Partners, LLC v. Marshfield Clinic Health Sys., Inc., No. 22-CV-234, 2023 WL 2424788, at *2 (W.D. Wis. Mar. 9, 2023) (citing Minuteman, Inc. v. Alexander, 147 Wis. 2d 842, 853–54 (Wis. 1989)). Wisconsin statutes define "trade secret" as "information, including a formula, pattern, compilation, program, device, method, technique or process" that "derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons" and "is the subject of efforts to maintain its secrecy that are reasonable under the circumstances." Wis. Stat. §134.90(1)(c). The amended complaint contains no allegations that the Blowout Feature is a trade secret or that it has been subject of efforts to maintain its secrecy. The


8

Case 2:25-cv-01584-PP    Filed 01/06/26    Page 8 of 12    Document 6

amended complaint does not state a claim for unjust enrichment or trade secret misappropriation under Wisconsin law.

The third claim is for a breach of implied-in-fact contract. The plaintiff alleges that he "disclos[ed] the concept during outreach to Defendants" and "reasonably expected compensation if the idea were used." Dkt. No. 4 at ¶23. He alleges that the defendants breached the implied contract by accepting and using the idea. Id. at ¶24. Wisconsin recognizes two kinds of implied contracts: implied in fact and implied in law. Lindquist Ford, Inc. v. Middleton Motors, Inc., 557 F.3d 469, 480–81 (7th Cir. 2009). "[A]n implied-in-fact contract is governed by general contract principles," but an implied-in-law contract is not. Id. at 481. An implied-in-fact contract "requires, the same as an express contract, the element of mutual meeting of minds and of intention to contract." Id. The amended complaint is missing that crucial element. The plaintiff alleges that he "expected compensation" if the defendants used his idea. But the plaintiff does not allege that the defendants intended to enter into a contract with him. He does not even allege that *he* intended to enter a contract. Nor does the plaintiff clearly state what the terms of that contract purportedly were. Absent allegations demonstrating that the parties had a meeting of the minds and intention to contract, the amended complaint does not state a claim for breach of an implied-in-fact contract.

The plaintiff's last claim is for unfair competition in violation of the Lanham Act. An unfair competition claim under the Lanham Act requires a showing that the plaintiff's mark is protectable and that the defendants' use is

9

likely to cause confusion among consumers. Uncommon, LLC v. Spigen, Inc., 926 F.3d 409, 419 (7th Cir. 2019). To establish likelihood of confusion, the court considers "(1) similarity of the marks; (2) similarity of the products or services in issue; (3) area and manner of concurrent use; (4) sophistication of consumers; (5) strength of complainant's mark; (6) actual confusion; and (7) intent of the defendant to palm off its product as that of another." Planet Hollywood (Region IV), Inc. v. Hollywood Casino Corp., 80 F. Supp. 2d 815, 879 (N.D. Ill. 1999) (citing Forum Corp. of N. America v. Forum, Ltd., 903 F.2d 434, 439 (7th Cir. 1990)).

As with the other claims, the lack of facts in the amended complaint makes it difficult for the court to assess the likelihood of confusion between the Blowout Feature and the defendants' game. The only facts supporting this claim are the plaintiff's bare allegations that the feature in NBA 2K25 is "substantially similar" to the Blowout Feature. It does not describe how the two features are similar or address any of the other elements required to establish likelihood of confusion. The amended complaint does not state a claim for unfair competition under the Lanham Act.

### III. Miscellaneous

For all these reasons, the amended complaint does not state a claim. The plaintiff may, if he chooses to, file a second amended complaint by the deadline the court will set below. If the plaintiff decides to file a second amended complaint, there are things he should keep in mind. First, an amended complaint takes the place of, or "supersedes," the original complaint. Flanner v.

10

Recording Indus. Ass'n of Am., 354 F.3d 632, 638 n.1 (7th Cir. 2004). That means that the plaintiff must include in the second amended complaint all the facts supporting his claims; he cannot simply tell the court to go back and look at what he alleged in his original complaint. With this order, the court is sending a copy of its standard amended complaint form. The plaintiff must use this form when preparing his second amended complaint. He must write "Second" above the words "Amended Complaint" at the top of the page. He must put the case number for this case—Case No. 25-cv-1584—in the space provided for a case number. The plaintiff should use the spaces on pages 3 and 4 to recite the facts of his claims; if that is not enough space, he may use up to three additional, double-spaced pages. Again, the second amended complaint must be complete in itself. It may not refer the court back to allegations in the prior complaints.

If the plaintiff elects to file a second amended complaint, he must file it in time for the court to *receive it* by the deadline the court sets below. If the court does not receive a second amended complaint by that deadline, the court will dismiss this case with prejudice and without further notice or hearing.

**IV. Conclusion**

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

The court **DETERMINES** that the amended complaint does not state a claim.

The court **ORDERS** that if the plaintiff wishes to proceed with this case,

11

he must file a second amended complaint in time for the court to *receive it* by the end of the day on **February 6, 2026**. If the court receives an amended complaint by day's end on February 6, 2026, the court will screen the amended complaint and determine whether it states a claim. If the court does not receive a second amended complaint, or a motion asking for additional time to file one, by the end of the day on February 6, 2026, the court will dismiss this case for failure to state a claim upon which relief can be granted in the amended complaint.

Dated in Milwaukee, Wisconsin this 6th day of January, 2026.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER
Chief United States District Judge**