UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DARNELL NORWOOD,

        Plaintiff,

              Case No. 25-cv-1584-pp

   v.

TAKE-TWO INTERACTIVE SOFTWARE, INC.,
2K SPORTS and VISUAL CONCEPTS ENTERTAINMENT,

        Defendants.

## ORDER SCREENING SECOND AMENDED COMPLAINT

On October 16, 2025, the plaintiff—who is representing himself—filed a complaint, dkt. no. 1, and a request to proceed without prepaying the filing fee, dkt. no. 2. A little over a month later, the plaintiff filed an amended complaint. Dkt. No. 4. The amended complaint alleges that the defendants infringed on the plaintiff's copyright by using in their video game (NBA 2K25) a game mechanic that the plaintiff invented, without the plaintiff's consent. Id. at ¶14. The court granted the plaintiff's motion to proceed without prepaying the filing fee, screened the amended complaint, determined that it did not state a claim for relief and ordered that if the plaintiff wanted to proceed with the case, he must file a second amended complaint by February 6, 2026. Dkt. No. 6 at 11-12. The court received the second amended complaint on February 6, 2026. Dkt. No. 7. This order screens that second amended complaint.

1

## I.    Screening the Second Amended Complaint

### A.    Legal Standard

The court must "screen" the second amended complaint to decide whether the plaintiff has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). A document filed by a self-represented litigant must be "liberally construed[.]" Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citation and internal quotation marks omitted). Similarly, a complaint filed by a self-represented litigant, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Id.

Even though courts liberally construe their filings, self-represented litigants still must comply with Federal Rule of Civil Procedure 8(a)(2), which requires a complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To state a claim against the defendants, the complaint must contain allegations that "'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Legal conclusions and conclusory allegations merely reciting the elements of the claim are not entitled to this presumption of truth. Id. at 663–64.

B. <u>The Second Amended Complaint</u>

The plaintiff included two documents in his filing: a typed document titled "Second Amended Complaint," dkt. no. 7, and a handwritten document on the court's amended complaint form, dkt. no. 7-1. The documents contain substantially similar factual allegations, though they are not identical. The typed document lists specific claims the plaintiff is bringing against the defendant—copyright infringement, misappropriation of idea/unjust enrichment, breach of implied-in-fact contract and unfair competition—while the handwritten document does not. Because the typed document appears to be a more complete statement of the plaintiff's claims, the court will consider the typed "Second Amended Complaint" to be the operative complaint for screening.

The plaintiff alleges that he is "the sole author and owner of an original gameplay system known as 'The Blowout Feature,' which dynamically alters gameplay outcomes when a competitive sports video game reaches a defined, pre-set scoring differential." Dkt. No. 7 at 2. He asserts that the Blowout Feature is "a specific audiovisual expression and gameplay sequence" that includes

- predetermined scoring thresholds;
- automated triggering of altered gameplay states;
- visual indicators signaling the blowout condition;
- modified player behavior and AI logic once the threshold is reached; and
- a structured sequence for concluding or reshaping the game experience.

3

<u>Id.</u> The plaintiff states that he owns a registered copyright for the "audiovisual expression of the Blowout Feature," effective August 31, 2022. <u>Id.</u>

The plaintiff alleges that he actively promoted the Blowout Feature to the gaming industry between 2017 and 2024. <u>Id.</u> He alleges that in 2017, he presented the Blowout Feature to the defendants as "a licensable gameplay innovation" via direct communication and a visit to the defendants' offices. <u>Id.</u> The plaintiff alleges that he also shared videos and demonstrations of the Blowout Feature to gaming influencers and content creators, which the defendants would have been aware of. <u>Id.</u>

The plaintiff alleges that in September 2024, the defendants released NBA 2K25, which contains a gameplay mechanic known as "Pass the Sticks." <u>Id.</u> at 3. He alleges that the Pass the Sticks feature is substantially similar to the Blowout Feature because it

- activates automatically when a defined score differential is reached;
- alters gameplay mechanics and player control;
- visually signals a "blowout" state to the user;
- modifies AI behavior and game flow; and
- substantially mirrors the sequence, structure, and audiovisual presentation of Plaintiff's Blowout Feature.

<u>Id.</u> The plaintiff alleges that the defendants used the Pass the Sticks feature "without license, permission, attribution, or compensation." <u>Id.</u>

The plaintiff brings four claims for relief: (1) copyright infringement under 17 U.S.C. §501, (2) "misappropriation of idea/unjust enrichment," (3) breach of implied-in-fact contract and (4) unfair competition under the Lanham Act §43(a). <u>Id.</u> at 3–5. The plaintiff seeks "statutory and/or actual damages" as well

4

as disgorgement, injunctive relief and costs and fees under 17 U.S.C. §505. Id. at 5.

C.    Analysis

1.    *Copyright Infringement*

To state a claim for copyright infringement, the plaintiff must establish "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 361 (1991). To satisfy the second element, the plaintiff must show that the defendants "actually copied" his work. Design Basics, LLC v. Lexington Homes, Inc., 858 F.3d 1093, 1099 (7th Cir. 2017) (citing Selle v. Gibb, 741 F.2d 896, 901 (7th Cir. 1984)). Because direct evidence of copying is rarely available, the plaintiff may prove actual copying "by showing that the defendant had the opportunity to copy the original (often called 'access') and that the two works are 'substantially similar,' thus permitting an inference that the defendant actually did copy the original." Peters v. West, 692 F.3d 629, 633 (7th Cir. 2012). The plaintiff can satisfy the "access" requirement by showing that the copyrighted work was sent to the defendant or a close associate of the defendant, or that it was "so widely disseminated that the defendant can be presumed to have seen or heard it." Design Basics, 858 F.3d at 1100 (collecting cases). "Once a plaintiff establishes that a defendant could have copied her work, she must separately prove . . . that the allegedly infringing work is indeed a copy of her original," by "pointing to similarities between the two works." Peters, 692 F.3d at 635.

The plaintiff alleges that he owns U.S. Copyright Registration No. PAu 4-150-822 for the Blowout Feature. Dkt. No. 7 at 2. The copyright has an effective registration date of August 31, 2022. Id. At the pleading stage, this is sufficient to allege that the plaintiff owns a valid copyright for the Blowout Feature. Turning to the next element, the plaintiff alleges that he "directly contacted" the defendants in 2017 to present the Blowout Feature "as a licensable gameplay innovation." Id. He also states that he publicly shared videos and demonstrations of the Blowout Feature throughout the industry, implying that the defendants could have seen the feature through those channels. Id. Construing the allegations liberally, the second amended complaint states that the defendants had access to the Blowout Feature either via direct communication or through wide dissemination to the gaming industry.

Next, to determine if the Blowout Feature and the Pass the Sticks mechanic are substantially similar, the court must consider "whether the accused work is so similar to the plaintiff's work that an ordinary reasonable person would conclude that the defendant unlawfully appropriated" the plaintiff's "protectable expression." Design Basics, 858 F.3d at 1101. The plaintiff describes the Blowout Feature as a mechanic for a competitive sports video game that is automatically triggered when the game reaches a defined scoring differential. Dkt. No. 7 at 2. He alleges that when the Blowout Feature is triggered, the gameplay is automatically altered, "concluding or reshaping the game experience." Id. He alleges that the Pass the Sticks feature also

6

activates automatically when the game reaches a defined scoring differential and alters the gameplay experience in a substantially similar manner to the Blowout Feature. Id. at 3. Construing the allegations in the plaintiff's favor (as it must at the pleading stage), the court concludes that the second amended complaint alleges that both features activate under the same circumstances and trigger a similar sequence of events that alter the gameplay. That is sufficient, at this stage, to assert that the features are substantially similar. The second amended complaint states a claim for copyright infringement.

2.      *Misappropriation of Idea/Unjust Enrichment*

The plaintiff's next claim is titled "misappropriation of idea/unjust enrichment." In the screening order, the court stated that the basis of this claim was not clear because the plaintiff relied on a California state court case and a Second Circuit case in support of his claim. See Dkt. No. 6 at 7. In the second amended complaint, the plaintiff presents the claim as follows:

> Plaintiff disclosed a novel and concrete idea with the reasonable expectation of compensation.
> Defendants used the idea to enhance a commercial product generating substantial revenue.
> Defendants were unjustly enriched by exploiting Plaintiff's work without payment.

Dkt. No. 7 at 4–5 (citing Nadel v. Play-By-Play Toys & Novelties, Inc., 208 F.3d 368 (2d Cir. 2000)). Nadel discusses a claim under New York law for misappropriation of a submitted idea. Nadel, 208 F.3d at 374–80. The Second Circuit held that this was a "property-based" claim that "can only arise from the taking of an idea that is original or novel in absolute terms, because the

7

law of property does not protect against the misappropriation or theft of that which is free and available to all." <u>Id.</u> at 378 (citations omitted).

It is not clear why this Wisconsin-based plaintiff's claims would arise under New York law. Wisconsin recognizes a common law misappropriation claim, which requires: "(1) time, labor, and money expended in the creation of the thing misappropriated; (2) competition; and (3) commercial damage to the plaintiff." <u>Mercury Record Prods., Inc. v. Econ. Consultants, Inc.</u>, 64 Wis. 2d 163, 174 (Wis. 1974). Wisconsin also recognizes a general claim for unjust enrichment, which requires showing "(1) a benefit conferred upon the defendant by the plaintiff, (2) knowledge or appreciation of the benefit by the defendant, and (3) acceptance and retention by the defendant of such benefit under such circumstances that it would be inequitable for him or her to retain it without paying the value thereof." <u>Krueger Int'l, Inc. v. Fed. Ins. Co.</u>, 647 F. Supp. 2d 1024, 1040 (E.D. Wis. 2009) (citing <u>Ludyjan v. Continental Cas. Co.</u>, 308 Wis. 2d 398, 405 (Wis. Ct. App. 2008)).

But there is a problem with this state law claim, whether it arises under New York or Wisconsin law. The Copyright Act preempts state law claims that are equivalent to copyright infringement claims. 17 U.S.C. §301(a). A claim is preempted if (1) the work at issue comes under the subject of copyright, and (2) the right under state law is equivalent to the general copyright protections set out in §106 of the Copyright Act. <u>Toney v. L'Oreal USA, Inc.</u>, 406 F.3d 905, 909 (7th Cir. 2005). Wisconsin's unjust enrichment or misappropriation claims are preempted when they are based on the defendant benefiting from the

8

unauthorized copying and distribution of plaintiff's copyrighted work. <u>Edgenet, Inc. v. GS1 AISBL</u>, 742 F. Supp. 2d 997, 1031–32 (E.D. Wis. 2010) (claims of misappropriation and unjust enrichment were "qualitatively indistinguishable" from plaintiff's copyright claim and were thus preempted); <u>Through the Door Inc. v. J.C. Penney Co.</u>, Case No. 06-C-540-S, 2007 WL 2265781, at *3 (W.D. Wis. Mar. 28, 2007) (misappropriation and unjust enrichment claims preempted).

Here, the plaintiff's misappropriation/unjust enrichment claim is based on the defendants' alleged taking of his copyrighted idea for their own profit. That is the same factual basis as the plaintiff's copyright claim. The plaintiff's state law claim for misappropriation or unjust enrichment is thus preempted by the Copyright Act. The court will dismiss Count II of the second amended complaint.

### 3. *Breach of Implied-in-Fact Contract*

The third claim is for a breach of implied-in-fact contract. Contract claims are not always preempted by the Copyright Act, <u>see</u> <u>ProCD, Inc. v. Zeidenberg</u>, 86 F.3d 1447, 1454–5 (7th Cir. 1996), so the court will assume without deciding that this claim is not preempted. As the court explained in its prior screening order, Wisconsin recognizes two kinds of implied contracts: implied in fact and implied in law. <u>Lindquist Ford, Inc. v. Middleton Motors, Inc.</u>, 557 F.3d 469, 480–81 (7th Cir. 2009). "[A]n implied-in-fact contract is governed by general contract principles" and "requires, the same as an express contract, the element of mutual meeting of minds and of intention to contract."

9

<u>Id.</u> at 481. The court dismissed the plaintiff's prior implied-in-fact contract claim because it did not sufficiently allege that the parties intended to enter a contract. <u>See</u> Dkt. No. 6 at 9. The second amended complaint does not remedy that issue. The plaintiff alleges that he "disclosed the Blowout Feature to Defendants under circumstances creating an implied promise to pay if used," that the defendants used the feature (without compensating the plaintiff) and that they thus breached the implied-in-fact contract. Dkt. No. 7 at 5 (citing <u>Desny v. Wilder</u>, 299 P.2d 257 (Cal. 1956))[1]. But the plaintiff does not include facts explaining the "circumstances" that allegedly created an implied promise to pay or how the defendants accepted the plaintiff's implicit offer. Because the second amended complaint lacks facts establishing that the parties had a meeting of the minds and intention to contract, it does not state a claim for breach of an implied-in-fact contract. The court will dismiss Count III of the second amended complaint.

### 4. *Unfair Competition*

The plaintiff's final claim is for unfair competition in violation of Section 43(a) of the Lanham Act. Unfair competition and false advertising claims under the Lanham Act require that the plaintiff show that his mark is protectable and that the defendants' use is likely to cause confusion among consumers.

---

[1] It is unclear why the plaintiff's implied-in-fact contract claim would be governed by California law. But California law is substantially similar to Wisconsin law in that both states require an implied-in-fact contract to be formed the same way as an express contract. <u>See</u> <u>Rokos v. Peck</u>, 182 Cal. App. 3d 604, 614 (Cal. Ct. App. 1986) ("An implied-in-fact contract differs from an express contract only in that the promise is not expressed in language but implied from the promisor's conduct.").

Uncommon, LLC v. Spigen, Inc., 926 F.3d 409, 419 (7th Cir. 2019). But a plaintiff must have standing to bring such a claim; he "must have a commercial interest to protect." Stayart v. Yahoo! Inc., 623 F.3d 436, 438 (7th Cir. 2010) (citations omitted). Section 43 of the Lanham Act "is a private remedy for a commercial plaintiff who meets the burden of proving that its commercial interests have been harmed by a competitor." Id. at 439 (quoting Made in the USA Found. v. Phillips Foods, Inc., 365 F.3d 278, 281 (4th Cir. 2004)); see also Emerging Material Techs. v. Rubicon Tech., No. 09 C 3903, 2009 WL 5064349, at *3 (N.D. Ill. Dec.14, 2009) (to assert a "discernible competitive injury," the plaintiff must be the defendant's "direct competitor;" the plaintiff must compete "at the same level of business as the defendant").

The plaintiff asserts that "Defendants' conduct falsely suggests the Blowout Feature originated with Defendants" and that "[t]his misrepresentation is likely to cause confusion and constitutes unfair competition." Dkt. No. 7 at 5. But the plaintiff does not allege that he is a competitor of the defendants or that he has any commercial interest in the Blowout Feature to protect. A designer or licensor of a product does not have standing to assert an unfair competition claim against a defendant that infringed on their protected mark. See Almblad v. Scotsman Indus., Inc., No. 13-CV-1297, 2013 WL 4600209, at *5 (N.D. Ill. Aug. 28, 2013) (plaintiff failed to state claim under Lanham Act where he sought to license his ice-decontaminating device to the defendant, a manufacturer of ice machines); Gail Green Licensing & Design Ltd. v. Accord, Inc., No. 05 C 5303, 2006 WL 2873202, at *5 (N.D. Ill. Oct.5, 2006) (designer

11

and licensor of pet clothing lacked standing to sue retailers and manufacturers of clothing and accessories for pets). The plaintiff does not allege that he competes with the defendants in the video game publishing space, so he fails to state a claim for unfair competition under the Lanham Act. The court will dismiss Count IV of the second amended complaint.

## II. Conclusion

The court will allow the plaintiff to proceed with his copyright infringement claim (Count I of the second amended complaint).

The court **ORDERS** that Counts II, III and IV of the second amended complaint are **DISMISSED WITH PREJUDICE**.

The court **ORDERS** the United States Marshals Service to serve a copy of the second amended complaint and this order on the defendants under Federal Rule of Civil Procedure 4. The court advises the plaintiff that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. §1921(a). Although Congress requires the court to order service by the U.S. Marshals Service, it has not made any provision for either the court or the U.S. Marshals Service to waive these fees. The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§0.114(a)(2), (a)(3). The U.S. Marshals will give the plaintiff information on how to remit payment. Although Congress requires the court to order service by the U.S. Marshals Service precisely because indigent plaintiffs do not have the funds to pay filing fees, it has not made any provision for these service

12

fees to be waived by either the court or the U.S. Marshals Service. The court is not involved in collection of the fee.

The court **ORDERS** the defendants to file a responsive pleading to Count I of the second amended complaint within the time permitted by the Federal Rules of Civil Procedure.

The court **ORDERS** that the parties must not begin discovery until after the court enters a scheduling order setting deadlines for completing discovery and filing dispositive motions.

The court advises the plaintiff that if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to diligently pursue it. The plaintiff must notify the Clerk of Court of any change of address. The plaintiff's failure to keep the court advised of his address may result in the court dismissing this case without further notice.

Dated in Milwaukee, Wisconsin this 16th day of March, 2026.

BY THE COURT:

_____

**HON. PAMELA PEPPER**
**Chief United States District Judge**

13